**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00763-PAB-SP

ELECTRO-MECHANICAL PRODUCTS, INC.,
a Colorado corporation, DAVID P. MORRIS, an
individual, and DAVID J. WOLENSKI, an individual,

        Plaintiffs,

v.

ALAN LUPTON ASSOCIATES INC., a New York
corporation,

        Defendant.

**PLAINTIFFS' MOTION TO REOPEN DISCOVERY**

Plaintiffs Electro-Mechanical Products, Inc., David P. Morris and David J. Wolenski ("EMP"), by and through counsel, Anthony L. Leffert and Carl A. Hjort III of Robinson Waters & O'Dorisio, P.C., submit the within Motion to Reopen Discovery and in support thereof state as follows:

**CERTIFICATE OF CONFERRAL**

The undersigned certifies that Plaintiffs have conferred with the Defendant regarding the relief sought in this Motion. Defendant opposes the relief requested herein.

**I.    Introduction**

On January 25 and 26, 2023, EMP took the depositions of corporate representatives of PGM Corp. and MKS Instruments, Inc. During these depositions, EMP learned, for the first time, that Defendant Alan Lupton Associates, Inc. ("Lupton Associates") had brokered the sale of parts

1

manufactured by PGM Corp. to a company called Viasat, Inc. ("Viasat"). EMP also learned for the first time in these depositions that Lupton Associates sold the parts of C&M Machine Products, Inc. t/a C&M Precision Tech ("C&M"), another competitor of EMP, to MKS Instruments, Inc. After these revelations, EMP promptly moved to amend the Complaint, to allege these additional breaches of contract (See Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF Doc. #37).

EMP also moved diligently to discover more information about these sales. EMP sent a discovery request to Lupton Associates specifically about these sales. Additionally, on March 14, 2023 and again on March 31, 2023, EMP served a Subpoena to Produce Documents ("the Subpoena") on Viasat. Unfortunately, as the Court already knows, these attempts to discover this information have been met with stonewalling from Lupton Associates and Viasat. The Parties engaged in a discovery conference with Judge Crews last week, in which Lupton Associates told the Court that they are not in possession of the key documents, i.e., the drawings of the parts in question, and thus cannot produce them. Viasat has told undersigned counsel that Lupton Associates has the drawings and refused to produce them in response to the Subpoena. Viasat's non-compliance with the Subpoena is the subject of a co-pending motion for contempt sanctions for Viasat's willful disregard of a proper subpoena. (See ECF Doc. #44).

This case involves claims for breach of contract between EMP and Lupton Associates. One of the terms of this contract states "[Lupton Associates] shall not directly or indirectly solicit orders for or sell any products competitive with [EMP's] products without its written consent." EMP has learned, through the aforementioned depositions, that Lupton Associates has in fact been soliciting

orders for and selling products competitive with EMP's products and without any consent from EMP.

In order to calculate its damages in this case, EMP requires sales data and drawings of the parts that were made for Viasat by PGM, and the parts C&M made for MKS. The drawings are vital to EMP's case because a review of these drawings will determine whether EMP has the capability to make the subject parts, thereby confirming that the parts are competitive with EMP's parts. Additionally, EMP seeks purchase records from Viasat for all the Lupton Associates-brokered purchases Viasat has made to identify any other manufacturers Lupton Associates has represented to Viasat and confirm the sales numbers provided by PGM. EMP now moves the Court to reopen discovery to obtain these drawings and sales data from Viasat.

## II.   Factual Background

In a deposition on January 26, 2023, EMP learned, for the first time, that one of the customers PGM has supplied parts to, through representation by Lupton Associates, is Viasat. On January 30, 2023, EMP sent discovery requests to Lupton Associates, specifically requiring Lupton Associates to:

> [p]roduce, in native form, whether written or electronic including any attachments, all copies of all communications, requests for quotes and invoices regarding sales made to Viasat by C&M Precision Tech and PGM Corp.

On February 2, 2023, EMP filed a Motion for Leave to File a Second Amended Complaint, to add factual allegations to the Complaint relative to these sales to Viasat. (See ECF Doc. #37). On March 1, 2023, Lupton Associates responded to EMP's discovery requests, without providing any substantive response relative the Viasat sales by stating:

3

> Lupton objects to RFP No. 17 on the grounds that Lupton is subject to confidentiality and non-disclosure obligations under an agreement with Viasat. Lupton will alert Viasat to this request pursuant to its agreement and legal obligations.

On March 14, 2023 and again on March 31, 2023,[1] EMP served a subpoena on Viasat to produce:

> [d]ocuments and records reflecting ViaSat's purchase of any parts or assemblies from any manufacturer represented by Alan Lupton Associates, Inc., including what parts and assemblies were purchased and the sales price for the purchase.

Viasat has refused to respond to the Subpoena, claiming that their compliance would be unduly burdensome, because the requested documents could be obtained from Lupton Associates and that the admissibility of Viasat's documents might be in doubt. Further, Viasat has claimed that they authorized Lupton Associates to produce the requested documents to EMP, but Lupton Associates has refused, claiming that they do not have such documents.[2] Counsel for EMP have made numerous requests to counsel for Viasat to provide these drawings and the Lupton Associates-brokered sales data but have received absolutely no cooperation from Viasat in an attempt to reach an agreement for the production of these documents. On April 24, 2023, EMP filed a Motion for Contempt Sanctions against Viasat for non-compliance with the Subpoena. (See ECF Doc. #44). Lupton Associates has filed a Motion to Quash the Subpoena, contending, *inter alia*, that the discovery period is closed. (See ECF Doc. #48).

---

[1] EMP first served this Subpoena on March 14, 2023 at its home office, but Viasat resisted on the grounds that EMP had not served its statutory agent with that first subpoena. EMP subsequently re-served the Subpoena on Viasat's registered agent on March 31, 2023.

[2] EMP and Lupton Associates had a discovery dispute conference with Judge Crews on May 1, 2023, in which Lupton Associates represented to the Court that they did not have possession of the drawings of the parts. The Court concluded that Lupton Associates could not be compelled to produce documents it did not have. (See ECF Doc. #52).

### III. Legal Standard

Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *Id*. (citations omitted); *accord. Hallum v. Four Corners OB-GYN*, Civil Action No. 19-cv-03632- KLM, 2021 WL 2894244, at *2 (D. Colo. July 9, 2021). For the fourth factor, the Tenth Circuit has explained that the movant must show that the scheduling deadline could not be met despite diligent efforts which may be satisfied if the movant learns new information through discovery. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). While the Scheduling Order "defines a lawsuit's boundaries in the trial court and on appeal, total inflexibility is undesirable." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (internal citations and quotation marks omitted).

### IV. Argument

Extending discovery for the limited purpose of obtaining documents from Viasat and C&M is appropriate when weighing the six factors identified in *Smith*.

### a. **Trial is not imminent.**

There is no trial date currently set, though a Pre-Trial Conference was set by Judge Crews for August 2, 2023.[3] Assuming this Motion is granted shortly after the parties' briefing is complete, EMP proposes a short, extended discovery period to obtain documents from Viasat and C&M and will have this additional discovery completed well in advance of the Pre-Trial Conference. Therefore, the first factor weighs in favor of reopening fact discovery for this limited purpose. *See Hallum*, 2021 WL 2894244, at *2 (trial was not "imminent" for purposes of allowing two additional expert witness depositions five months before trial).

### b. **Lupton Associates opposes the Motion**.

The second factor weighs against granting the Motion because it is opposed. This is outweighed, however, by the remaining factors.

### c. **Lupton Associates will not be prejudiced by a limited reopening of fact discovery**.

While fact discovery nominally ended on March 15, 2023, there are numerous motions still pending before the Court that will require resolution before the issues for trial can be settled. As noted above, EMP's Motion to File a Second Amended Complaint is still pending. Also, the parties have engaged in substantial motions practice over the discovery requests to Viasat that are the subject of this extension. In short, this is not a situation where the parties are solely engaged in preparing for the eve of trial, and the issues for trial are not even fully settled yet. Lupton Associates therefore cannot credibly claim that it would be prejudiced by EMP's request, and the third factor weighs in favor of granting the Motion.

---

[3] The case has since been re-assigned to Magistrate Judge Prose, and it is unknown at this time if Magistrate Judge Prose will proceed with this conference on this date.

### d. EMP was diligent in obtaining discovery within the prior deadlines.

Plaintiffs have been diligently engaged in discovery throughout this case, taking and defending twelve depositions, producing over 40,000 pages of documents, and submitting numerous written discovery requests. It was not until just before the close of fact discovery that EMP learned of the identity of Viasat as the customer to which PGM supplied its parts. When EMP did discover this information, it followed up with written discovery requests to Lupton Associates regarding the Viasat sales within four (4) days after the deposition at which this information first became known. Lupton Associates provided no substantive response to this discovery request, and EMP sent a subpoena directly to Viasat within fourteen (14) days after receiving Lupton Associates' non-substantive response. In sum, EMP moved immediately to try to discover more information about these sales during the discovery period and these efforts were stymied by Lupton Associates and Viasat to try to "run out the clock" on the discovery period without providing this information.

### e. Plaintiffs' need for information from Viasat was not foreseeable until January 26, 2023.

Until the January 26, 2023 deposition of PGM Corp.'s corporate representative, EMP did not know the identity of the PGM customers that Lupton Associates brokered sales for. EMP did not have a reasonable basis to seek information from Viasat prior to this new information coming to light just before the close of fact discovery. As noted above, when this information did come to light, EMP moved diligently to try to secure information about these sales from both Lupton Associates and Viasat. Thus, the fifth factor weighs in favor of granting the Motion.

### f.      Documents from Viasat will certainly lead to relevant evidence.

As stated above, the drawings and sales data from Viasat are absolutely relevant and vital evidence for EMP's damages case. The drawings of the parts Viasat purchases from PGM and C&M sells to MKS are vital to EMP's case because a review of these drawings will determine whether EMP has the capability to make the subject parts, thereby confirming that the parts are competitive with EMP's parts. The purchase records from Viasat for all the Lupton Associates-brokered purchases Viasat has made will identify any other manufacturers Lupton Associates has represented to Viasat and confirm the sales numbers provided by PGM. The sixth factor weighs heavily in favor of granting the Motion.

### V.      Conclusion

Five of the six *Smith* factors clearly weigh in favor of reopening discovery in this case for the limited purpose of EMP obtaining documents from Viasat and C&M. For the foregoing reasons, Plaintiffs request that the Court GRANT this motion to reopen discovery.

Respectfully submitted this 11th day of May, 2023.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/ Anthony L. Leffert*
Anthony L. Leffert, #12375
Carl A. Hjort III, #42108
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750 (f)
aleffert@rwolaw.com
chjort@rwolaw.com
*Counsel for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 11, 2023, a true and correct copy of the foregoing was delivered via CM/ECF electronic service addressed to the following:

**MOYE WHITE, LLP**
William F. Jones
1400 16th Street, 6th Floor
Denver, Colorado 80202-1486
billy.jones@moyewhite.com
*Attorneys for Defendants*

**SHERIDAN ROSS PC**
Patrick A. Fitch
1560 Broadway, Suite 1200
Denver, Colorado 80202-5145
pfitch@sheridanross.com
*Attorneys for Viasat Services Holding Co.*

                    */s/ Nina Olson*
                    Nina Olson, Paralegal