IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00763-PAB-SBP

ELECTRO-MECHANICAL PRODUCTS, INC., a Colorado Corporation,

    Plaintiff,

v.

ALAN LUPTON ASSOCIATES INC., a New York Corporation,

    Defendant.

## ORDER

This matter comes before the Court on Alan Lupton II's Motion for Attorneys' Fees [Docket No. 43]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**

The relevant background facts are set forth in the Court's order granting Alan Lupton II's motion to dismiss and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 42 at 1-2. On April 18, 2022, plaintiffs Electro-Mechanical Products ("EMP"), David P. Morris, and David J. Wolenski[1] filed their First Amended Complaint, bringing two tort claims against Mr. Lupton: breach of fiduciary duty and breach of the duty of loyalty. Docket No. 7 at 7-9, ¶¶ 33-46. On May 13, 2022, Mr. Lupton filed a motion to dismiss both claims. Docket No. 17. The Court

---

[1] Mr. Morris and Mr. Wolenski were dismissed from this case on November 9, 2023. Docket No. 163.

granted Mr. Lupton's motion, dismissing both claims with prejudice and dismissing Mr. Lupton from the case. Docket No. 42 at 10.

On April 6, 2023, Mr. Lupton filed a motion for attorneys' fees. Docket No. 43. EMP responded, Docket No. 47, and Mr. Lupton replied.[2]  Docket No. 56.

## II. ANALYSIS

### A. Entitlement to Attorneys' Fees

Federal courts sitting in diversity treat state attorney fee provisions as substantive and, therefore, applicable to the state-law claims before them. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). A determination of whether to award attorney fees begins with the American Rule, which precludes an award of attorney fees absent a specific contractual, statutory, or procedural rule

---

[2] EMP also filed Plaintiffs' Motion for Leave to File Surreply in Opposition to Alan Lupton II's Motion for Attorneys' Fees Or, in the Alternative, to Strike All New Arguments from Alan Lupton II's Reply. Docket No. 60. EMP seeks leave to file a surreply to address Mr. Lupton's argument that the version of Colo. Rev. Stat. § 13-17-201 that was in effect before the statute was amended on June 8, 2022 applies to this case. *Id.* at 3-4. Mr. Lupton's argument that the pre-amendment version of the statute applies to this case responds to EMP's argument that Mr. Lupton is not entitled to attorney's fees on the basis of a subsection that was added when the statute was amended. *See* Docket No. 47 at 5-7; Docket No. 56 at 4-6. As such, Mr. Lupton's argument concerning the applicability of the amended statute is not a new argument, but rather a response to an argument put forth by the opposing party. The Court will therefore deny EMP's motion. *See Lieberenz v. Bd. of Cnty. Comm'r*, NYW-NRN, 2023 WL 1767260, at *6 (D. Colo. Feb. 3, 2023) ("But in order to justify striking the County Defendants' Reply or authorizing a sur-reply, the Court must satisfy itself that the challenged arguments are truly "new"—that is, not raised in the County Defendants' Motion for Partial Summary Judgment or in response to Plaintiff's opposition brief.") (citations omitted).

providing otherwise.  *City of Aurora ex rel. Util. Enter. v. Colorado State Eng'r*, 105 P.3d 595, 618 (Colo. 2005) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)); *see also Buder v. Sartore*, 774 P.2d 1383, 1390 (Colo. 1989).  Mr. Lupton argues that he is entitled to attorneys' fees under Colo. Rev. Stat. § 13-17-201. Docket No. 43 at 1.

Colo. Rev. Stat. § 13-17-201(1) states:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure,[3] such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201(1) (footnote added).  On June 8, 2022, the statute was amended to add several exceptions:[4]

> Subsection (1) of this section does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States. This subsection (2) applies so long as the party that brought the dismissed claim has pleaded, in its complaint, counterclaim, or cross claim, that the dismissed claim was made for one of the express purposes stated in this subsection (2) and identified the precedent, law, or regulation the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first impression.

---

[3] Although the text of Colo. Rev. Stat. § 13-17-201 appears to limit the statute's application to actions dismissed under Rule 12(b) of the Colorado Rules of Civil Procedure, the Tenth Circuit has held that the statute "applies with equal force when a federal court dismisses a pendent state tort claim pursuant to Fed. R. Civ. P. 12(b)(6)." *Jones*, 203 F.3d at 757 n.6.

[4] The quoted language of subsection (1) of the statute, as amended, does not materially differ from the language of the statute before it was amended.  *Compare* Colo. Rev. Stat. § 13-17-201 (2021) *with* Colo. Rev. Stat. § 13-17-201(1).

Colo. Rev. Stat. § 13-17-201(2).

Mr. Lupton argues that he is entitled to an award of attorneys' fees under § 13-17-201 because the Court granted his motion to dismiss the two tort claims against him under Rule 12(b)(6).  Docket No. 43 at 4.  EMP argues that Mr. Lupton is not entitled to attorneys' fees because the dismissed claims concerned a matter of first impression in Colorado and § 13-17-201(2) therefore precludes an award of attorneys' fees.[5]  Docket No. 47 at 5-7.

EMP's argument fails for two reasons.  First, § 13-17-201 was amended to include subsection 2 on June 8, 2022, nearly two months after the First Amended Complaint, Docket No. 7, was filed and nearly one month after Mr. Lupton filed his motion to dismiss.  Docket No. 17; *see* Colo. Rev. Stat. § 13-17-201.  As EMP admits, *see* Docket No. 47 at 10, § 13-17-201 does not contain any provision that would make the amended statute apply retroactively.  Second, even if subsection 2 did apply retroactively, it would not prevent Mr. Lupton from seeking attorneys' fees based on the dismissal of the tort claims against him.  EMP argues that "[e]ach party claimed, of its own accord, that Colorado law has not established whether a minority shareholder of a closely held corporation owes fiduciary duties," citing to Mr. Lupton's motion to dismiss, plaintiffs' response, and Mr. Lupton's reply.  Docket No. 47 at 6 (citing Docket No. 17 at 4; Docket No. 21 at 4; Docket No. 23 at 4).  However, subsection 2 requires the party

---

[5] EMP also argues that the "legislative intent of [Colo. Rev. Stat.] § 13-17-201 clearly bars Mr. Lupton's motion for attorneys' fees."  Docket No. 47 at 5-7.  However, the Court will not consider this argument because the meaning of the statute is clear on its face and it would therefore be "both unnecessary and improper to resort to legislative history to divine congressional intent."  *See Edwards v. Valdez,* 789 F.2d 1477, 1481 (10th Cir. 1986).

that brought the dismissed claim to plead in its complaint, counterclaim, or crossclaim that the issue to be decided is a matter of first impression.  Colo. Rev. Stat. § 13-17-201(2).  The First Amended Complaint does not plead that the issue of whether a minority shareholder of a closely held corporation owes fiduciary duties is a matter of first impression. Therefore, even if it were applicable, subsection 2 would not bar Mr. Lupton's motion for attorneys' fees.

The Court finds that Mr. Lupton is entitled to attorneys' fees under Colo. Rev. Stat. § 13-17-201(2021) because the Court dismissed the tort claims against him under Rule 12(b)(6).  *See* Docket No. 42 at 10.

### B.  Amount of Attorneys' Fees

Mr. Lupton seeks $15,243.00 in attorneys' fees incurred in drafting the motion to dismiss.  Docket No. 43 at 1, 5-6.  The work was performed by three attorneys: William F. Jones, a partner, and Jennifer K. Lang, an associate, at Moye White LLP ("Moye White"), a law firm that represented Mr. Lupton in this case, and Ralph K. Merzbach, a partner at Merzbach & Solomon, which also represented Mr. Lupton.  *Id.* at 5. Together, the attorneys performed 42.5 hours of work related to Mr. Lupton's motion to dismiss.  *Id.*  Mr. Lupton has attached an affidavit from Mr. Jones in support of the motion for attorneys' fees.  Docket No. 43-1.

A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably

5

expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  EMP does not challenge the reasonableness of the hourly rates of Mr. Lupton's attorneys.  However, EMP argues that the amount of time billed is "egregious" and that the "documentation of hours submitted by Mr. Lupton is inadequate."[6]  Docket No. 47 at 8-9.

### *1. Rate*

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 721 n.4 (1987)).

Mr. Jones, a partner at Moye White with over twenty years of experience, acted as the lead attorney in this case and charged an hourly rate of $510.00.  Docket No. 43-1 at 1-2, ¶¶ 2, 6, 8.  Ms. Lang, an associate at Moye White with eight years of

---

[6] EMP also argues that Mr. Lupton's motion should be denied because "there is a serious deficiency in evidence showing that the fees for which Mr. Lupton submitted his [motion] were actually charged to and paid by Mr. Lupton."  Docket No. 47 at 9-10.  However, EMP cites no support for the proposition that such a showing is required.

experience, charged an hourly rate of $330.00. *Id.* at 2, ¶¶ 6, 8. Mr. Merzbach, a partner at Merzbach & Solomon with over forty years of experience, charged an hourly rate of $370.00. *Id.* at 2, ¶¶ 6, 8; Docket No. 43-6 at 2. Mr. Jones' affidavit states that, "[b]ased on [his] experience practicing law and the prevailing rates in the State of Colorado and the Denver metropolitan area, [he] believe[s] the fees charged to Lupton in this case were reasonable and necessary." Docket No. 43-1 a 3, ¶ 12. EMP does not challenge the reasonableness of the attorneys' rates. These rates are generally consistent with rates previously awarded by this Court and other judges in this district in similar matters. *See, e.g., Nero v. Am. Family Mut. Ins. Co.,* No. 11-cv-02717-PAB-MJW, 2013 WL 5323191, at *8-9 (D. Colo. Sep. 23, 2013) (collecting cases). The Court finds that these rates are reasonable for Mr. Jones, Ms. Lang, and Mr. Merzbach.

### 2. Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos*, 713 F.2d at 554. Movants must demonstrate that their counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*. A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Ramos*, 713 F.2d at 554. Ultimately, a court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same

7

services in an open market.  *Id*. at 555.  Fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Id*. at 553.  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

  EMP argues that the "amount of time . . . spent on the preparation of Mr. Lupton's Motion to Dismiss and Reply thereto is egregious" and the "documentation of hours submitted by Mr. Lupton is inadequate."  Docket No. 47 at 8.  The Court has reviewed the billing statements from Moye White and Merzbach & Solomon.  *See* Docket Nos. 43-2, 43-3.  The Court finds that the number of hours expended is reasonable.  As EMP notes, the legal issues involved in the motion to dismiss were novel, *see* Docket No. 47 at 6-7, and necessarily required a greater amount of time to research.  Although Mr. Lupton has not demonstrated that counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended, *see Praseuth*, 406 F.3d at 1257, the Court is satisfied that the attorneys have not included unjustified charges in the billing statements.  Furthermore, the time entries do not contain any redundant or unnecessary expenses and the number of hours spent on each task appears reasonable in light of the complexities of the case.  *See Ramos*, 713 F.2d at 554-55.  Accordingly, the Court approves the loadstar amount of $15,243.00 for the attorneys' fees.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Motion for Leave to File Surreply in Opposition to Alan Lupton II's Motion for Attorneys' Fees Or, in the Alternative, to Strike All New Arguments from Alan Lupton II's Reply [Docket No. 60] is **DENIED**.  It is further

**ORDERED** that Alan Lupton II's Motion for Attorneys' Fees [Docket No. 43] is **GRANTED**.  It is further

**ORDERED** that Mr. Lupton is awarded $15,243.00 in attorneys' fees from plaintiffs EMP, Mr. Morris, and Mr. Wolenski.[7]

DATED March 15, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[7] Although Mr. Morris and Mr. Wolenski have been dismissed from this case, *see* Docket No. 163, they were named plaintiffs in the complaint to which Mr. Lupton directed the motion to dismiss.  *See* Docket No. 7.  Moreover, Mr. Morris and Mr. Wolenski were still plaintiffs in the case when the motion to dismiss was filed, when the Court granted the motion to dismiss, and when the motion for attorneys' fees was filed.  *See* Docket Nos. 17, 42, 43.